UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

    Plaintiff,

vs.                                 Case No.  3:08-cv-62-J-33MCR

STATE OF FLORIDA c/o Dept. of Children
and Families,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Pro Se Complaint (Doc. 1) as well as Plaintiff's Affidavit of Indigency (Doc. 2), which this Court construes as a motion for leave to proceed in forma pauperis. Also before this Court is Plaintiff's Motion for Writ (Doc. 3) and Motion for Warrant (Doc. 4).

**A. Motion to Proceed In Forma Pauperis**

An individual may be allowed to proceed in forma pauperis if he or she declares in an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit sua sponte.  See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive  lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).  However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  Further, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Plaintiff attempts to allege a claim for sexual discrimination against DCF for its repeated failure to distribute food stamps to him.  Specifically, Plaintiff alleges "to date DCF has refused to recertify [sic] Plaintiff because Plaintiff is homosexual" and "Defendants have stated several times that because Plaintiff is a fagot they would not recertify [sic] Plaintiff."  (Doc. 1, p. 3).   Plaintiff's allegations fail to state a violation of any federal claim.

Interestingly, this case is remarkably similar to several cases previously filed

by Plaintiff in this Court which were dismissed earlier this year.  See Fisher v. State of Florida, et al., Case No. 3:07-cv-454-J22MCR (M.D. Fla. July 17, 2007); Fisher v. State of Fla. c/o Dept. Families and Children, Case No. 3:07-cv-22-J-25HTS, 2007 WL 842981 (M.D. Fla. March 16, 2007).  In both of the aforementioned cases, the District Court Judges dismissed Plaintiff's cases because there is no statute which prohibits discrimination on the basis of sexual orientation in relation to the processing of food stamp applications.  Fisher, 3:07cv454-J-33McR (Doc. 9) (July 17, 2007); Fisher, 2007 WL at *2. (citing 7 U.S.C. §2020; 42 U.S.C. §2000d, and Simonton v. Runyon, 232 F.3d 33, 36 (2d Cir. 2000)).  As Plaintiff has attempted to assert this same cause of action twice before, this Court recommends Plaintiff's motion to proceed in forma pauperis (Doc. 2) be denied and Plaintiff's Complaint (Doc. 1) be dismissed without prejudice to filing a paid complaint because there is no indication that Plaintiff can state a valid claim for violation of any federal law based on discrimination regarding Plaintiff's sexual affiliation.

  **B. Motion for Writ & Motion for Warrant**

Plaintiff also filed a Motion for Writ (Doc. 3) and Motion for Warrant (Doc. 4) in conjunction with his Complaint.  In his Motion for Writ, Plaintiff asks the Court to issue a writ of possession transferring all assets to Plaintiff to cover lost benefits. (Doc. 3).  In his Motion for Warrant, Plaintiff asks the Court to issue a warrant for the arrest of D.C.F. – District 4 Administrator.  (Doc. 4).  In light of the fact that Plaintiff fails to state a claim, in addition to the fact that a motion for writ and a motion for warrant are improper procedural vehicles for granting Plaintiff relief in this

instance, this Court recommends denial of both Plaintiff's Motion for Writ (Doc. 3) and his Motion for Warrant (Doc. 4).

Accordingly, after due consideration, it is

**RECOMMENDED**:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2), Motion for Writ (Doc. 3), and Motion for Warrant (Doc. 4) be **DENIED**.

2. Plaintiff's Complaint (Doc. 1), be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** at Jacksonville, Florida this  18th  day of January, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Virginia M. Hernandez Covington
United States District Judge

Counsel of Record
Pro Se Plaintiff